|   |   |
|---|---|
|   | **JS-6** |

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANON INC., a Japanese corporation,<br><br>               Plaintiff,<br><br>               v.<br><br>LD PRODUCTS, INC., a California corporation,<br><br>               Defendant. | Case No. 2:19-cv-02085-AB-RAO<br><br>**JOINT STIPULATION, CONSENT JUDGMENT, AND PERMANENT INJUNCTION** |
| LD PRODUCTS, INC., a California corporation,<br><br>             Counterclaimant,<br><br>               v.<br><br>CANON INC., a Japanese corporation,<br><br>             Counterdefendant. | |

WHEREAS, Plaintiff Canon Inc. brought this suit against Defendant LD Products, Inc. for infringement of Canon's U.S. Patent Nos. 7,869,740 B2, 8,165,494 B2, 8,588,646 B2, 8,971,760 B2, 9,494,916 B2, 9,857,763 B2, and 10,162,304 B2 (collectively, "Asserted Patents") based on Defendant's alleged unauthorized manufacture, importation, sale, and/or offer for sale of certain toner cartridges, including toner cartridges having the product designations UNIVCF210X, UNIVCF211A, UNIVCF212A, and UNIVCF213A ("Accused Products");

WHEREAS, LD PRODUCTS has denied that it infringes any valid claims of the Asserted Patents and has asserted Counterclaims against CANON, which CANON has denied;

WHEREAS, Defendant wishes to conclude this litigation without further contesting infringement, validity, or enforceability of any claims of the Asserted Patents;

WHEREAS, Plaintiff and Defendant have agreed in a separate agreement to settle the matters in issue between them; and

WHEREAS, Plaintiff and Defendant, through their respective counsel, hereby agree to entry of this Stipulation, Consent Judgment, and Permanent Injunction ("Consent Judgment"), subject to approval of the Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED, AND ADJUDGED:

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

2. This Court has jurisdiction over Defendant and the subject matter of this action under 28 U.S.C §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 28 U.S.C § 1400(b).

3. Plaintiff is the owner of all right, title, and interest in and to the Asserted Patents.

4. Defendant has imported, sold, and/or offered for sale in the United States the Accused Products.

5. For purposes of this lawsuit and any proceeding to enforce this Consent Judgment, Defendant does not contest that all of the claims of the Asserted Patents asserted in Plaintiff's First Amended Complaint are valid, enforceable, and infringed by the Accused Products. Nothing in this Consent Judgment shall be construed as an admission of liability by any party for any other purpose.

6. Judgment is entered for Plaintiff and against Defendant on the claims asserted in Plaintiff's Complaint.

7. Effective as of the date this Consent Judgment is entered by the Court, Defendant and its subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with any of the foregoing, are hereby permanently enjoined and restrained from engaging in any of the following activities:

(a) making, using, selling, or offering for sale in the United States, or importing into the United States, during the remaining term of the Asserted Patents, (i) any of the Accused Products, (ii) any other toner cartridge having the components shown in attached Appendix A, and (iii) any other toner cartridge that is not more than colorably different in structure from either (i) or (ii) and falls within the scope of one or more claims of the Asserted Patents;

(b) otherwise directly infringing, contributorily infringing, or inducing infringement of any of the claims of the Asserted Patents with respect to (i) any of the Accused Products, (ii) any other toner cartridge having the components shown in attached Appendix A, and (iii) any other toner cartridge that is not more than colorably different in structure from either (i) or (ii) and falls within the scope of one or more claims of the Asserted Patents; and

(c) assisting, aiding, or abetting any other person or business entity

in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

8. Plaintiff and Defendant shall bear their own costs and attorney fees.

9. This Consent Judgment constitutes a final judgment concerning the subject matter of this action.

10. Defendant waives any right to appeal from this Consent Judgment.

11. Upon entry of this Consent Judgment, this action is dismissed, with prejudice; provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment.

SO ORDERED:

Dated: May 20, 2020

_____
André Birotte, Jr.
United States District Judge

# APPENDIX A






5
JOINT STIPULATION, CONSENT JUDGMENT, AND PERMANENT INJUNCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

